**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 26, 2020

**BY ECF**

The Honorable Taylor A. Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Michael Ackerman*, 20 Cr. 93 (TAS)**

Dear Judge Swain:

The Government respectfully submits this letter to update the Court with respect to the status of this matter and to seek an adjournment of the arraignment and initial conference currently scheduled for 10 a.m. on February 27, 2020. As set forth below, the Government also seeks exclusion of time from the speedy trial clock in an abundance of caution.

The defendant was arrested and presented on the above-referenced indictment in the Northern District of Ohio, where he was temporarily represented by retained counsel. The Government anticipates that Jonathan Marvinny of the Federal Defenders will be appointed to represent the defendant in this matter. However, that appointment has been delayed because of scheduling and logistical difficulties arising from the fact that the defendant is currently hospitalized in Ohio. Due to the defendant's current medical condition, the Government understands that the defendant is also physically unable to appear in person for the initial conference currently scheduled on Thursday. Accordingly, the Government, with the consent of Mr. Marvinny, seeks an adjournment of the conference by approximately thirty days to allow for Mr. Marvinny to be formally appointed as counsel and to give the parties additional time to discuss whether the defendant is physically capable of appearing and standing trial in this matter. The Government anticipates that these discussions will include considering whether appropriate arrangements can be made to allow the defendant to appear in this District telephonically or through other remote means, or whether his medical condition will allow him to appear in person at a later date.

With respect to the speedy trial clock, the Government believes that the speedy trial clock has not begun to run. Under 18 U.S.C. § 3161(c)(1), a trial against a defendant charged by indictment must commence within seventy days of "the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever later occurs*." 18 U.S.C. § 3161(c)(1) (emphasis added). Here, the indictment against the defendant was unsealed on February 11, 2020, but the defendant

has yet to appear before a judicial officer in this District, where the indictment is pending. As such, the speedy trial clock will not begin to run until the defendant makes his first appearance before this Court.

In an abundance of caution, however, the Government notes and Mr. Marvinny agrees that time is automatically excluded from the speedy trial clock to the extent that the defendant is not currently physically capable of standing trial. 18 U.S.C. § 3161(h)(4). In the alternative, the Government moves with the consent of Mr. Marvinny to exclude time from the speedy trial clock under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by such exclusion outweigh the best interest of the public and the defendant in a speedy trial. Specifically, the exclusion would allow time for the defendant to be appointed counsel, and for counsel to confer with the Government and the Court regarding the defendant's current and future capacity to appear to stand trial in this matter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: ___*/s/*________________________
Jessica Greenwood
Assistant United States Attorney
(212) 637-1090

cc: All Counsel (by ECF)