```
     L68PACKC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              20 CR 0093 (LTS)
                                               Telephone Conference
5    MICHAEL ACKERMAN,

6              Defendant.

7    ------------------------------x

8                                              New York, N.Y.
                                               June 8, 2021
9                                              12:01 p.m.

10   Before:

11                  HON. LAURA TAYLOR SWAIN,

12                                       Chief District Judge

13
                        APPEARANCES VIA TELECONFERENCE
14
     AUDREY STRAUSS,
15        United States Attorney for the
          Southern District of New York
16   BY:  JESSICA GREENWOOD
          Assistant United States Attorney
17

18   DAVID PATTON
     FEDERAL DEFENDERS OF NEW YORK
19        Attorney for Defendant
     BY:  JONATHAN A. MARVINNY
20

21

22

23

24

25
```

L68PACKC

1              (The Court and all parties appearing telephonically)
2              THE COURT:  Good afternoon.  This is Judge Swain
3     speaking.
4              THE DEPUTY CLERK:  Good afternoon, Judge.
5              (Case called)
6              THE COURT:  Again, good afternoon.  We are here for a
7     telephonic pretrial conference in this case.
8              Is the court reporter on the line?
9              THE REPORTER:  Yes, your Honor.  I'm here.  Good
10    afternoon.
11             THE COURT:  Good afternoon.  Thanks very much.
12             And now I'll ask counsel to state their appearances,
13    beginning with counsel for the government.
14             MS. GREENWOOD:  Yes, good afternoon, your Honor.
15    Assistant United States Attorney Jessica Greenwood on behalf of
16    the government.
17             THE COURT:  Good afternoon, Ms. Greenwood.
18             And counsel for the defendant?
19             MR. MARVINNY:  Good afternoon, your Honor.  This is
20    Jonathan Marvinny with the Federal Defenders of New York
21    appearing for Michael Ackerman.
22             THE COURT:  Good afternoon, Mr. Marvinny.
23             And, Mr. Ackerman, are you on the line as well?
24             THE DEFENDANT:  Yes, I am, your Honor.
25             THE COURT:  Good afternoon, Mr. Ackerman.  And would

you please just state your full name for the record?

        THE DEFENDANT:  Sure.  Michael W. Ackerman.

        THE COURT:  Thank you so much.

        I also greet any family members, friends, members of the press and public and others who may be listening in.

        I remind participants that this is a public proceeding, and all who are listening in must keep their phones muted.

        I'd also ask that counsel mute their phones when they're not speaking.

        In addition, I remind everyone that, as provided in the Court's January 19th, 2021, standing order filed in docket number 21MC45, neither recording nor retransmission of any part of this proceeding is permitted.

        I'll be calling on each speaker during the conference.  Each time that you speak, please identify yourself by name for clarity of the record.

        Please don't interrupt each other or me during the conference.  If we interrupt each other, it is difficult to create an accurate transcript.  But having said that, I apologize in advance for breaking the rule because I may interrupt if I have questions.

        I'll give the attorneys an opportunity to make additional comments or ask questions at the end of the conference, but if anyone has any difficulty hearing me or

another participant, please say something right away.

We are in the midst of the Covid-19 pandemic. I'm conducting this telephonic proceeding pursuant to the authority provided by section 15002 of the CARES Act and the standing orders issued pursuant to that act, and Mr. Ackerman is participating in this telephone conference, as he has confirmed.

Before I ask for a status update, I must share some important information with you all. Federal Rule of Civil Procedure 5(f) requires the Court to remind the parties orally and in writing of the prosecution's obligations under the Supreme Court's 1963 *Brady v. Maryland* decision, and the cases that it built upon that decision, of the possible consequences of violating those obligations.

I hereby direct the government to comply with its obligations under *Brady v. Maryland* and its progeny to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the government.

Possible consequences for noncompliance may include dismissal of individual charges or the entire case, exclusion of evidence, and professional discipline or court sanctions on the attorneys responsible.

I have entered a written order more fully describing this obligation and the possible consequences of failing to

1     meet it, which can be found at docket entry No. 34, and I

2     direct the government to review and comply with that order.

3             Ms. Greenwood, do you understand these obligations and

4     confirm that you have fulfilled or will fulfill them?

5             MS. GREENWOOD:  Yes, your Honor.

6             THE COURT:  Thank you.  Ms. Greenwood, would you

7     please provide us with a general status report?

8             MS. GREENWOOD:  Yes.  Happy to, your Honor.

9             So we were last before you almost a year ago, on

10    August 11th, 2020.  I've conferred with defense counsel, and we

11    thought it made sense to appear before the Court to give you

12    just a brief update of where we are and where we anticipate we

13    will be going.

14            We have substantially completed discovery.  We do have

15    a production that is pending that will consist of one of the

16    computers seized from Mr. Ackerman's house during his arrest,

17    which we attempted to produce previously but was corrupted.

18    Our copy was corrupted, and we had to re-pull it from

19    production.

20            The production will also include some other smaller

21    categories of data that we identified in our final file review,

22    including some GPS data from Ackerman's phone and subpoena

23    returns.  We anticipate that production will go out later this

24    week or next week.

25            THE COURT:  Can you slow down just a little bit?

1    MS. GREENWOOD:  Sure.  I have been accused of speaking
2  too quickly many times; so I should know that.
3       In terms of our plan moving ahead, we've been in plea
4  negotiations with defense counsel that have been very
5  productive.  We are close to formalizing a plea offer, and we
6  anticipate that, in the next 30 days, we will be in a place
7  where we will either be before the Court requesting -- you
8  know, entering a change of plea, pursuant to a plea agreement,
9  or requesting that we set a motion schedule and a trial date in
10 lieu of a pretrial disposition.
11      THE COURT:  So at this point, would you be looking for
12 a next conference date in the 30-day time frame, with the
13 potential that that date would be a date for addressing a
14 disposition?
15      MS. GREENWOOD:  Yes, your Honor.  Exactly.
16      THE COURT:  Thank you.
17      Mr. Marvinny, would you like to be heard?
18      MR. MARVINNY:  Yes, your Honor.  Jonathan Marvinny
19 here.  The status report and the timeline proposed by
20 Ms. Greenwood makes sense from our perspective.  We agree that
21 there have been significant discussions towards a possible
22 disposition --
23      THE COURT:  Just one moment.  We may have lost
24 somebody.  So let me just take attendance.
25      Ms. Prater, are you still on the line, the court

L68PACKC

1   reporter?
2               THE REPORTER:  Yes, your Honor.  I'm still here.
3               THE COURT:  Thank you.
4               Ms. Greenwood, are you still on?
5               MS. GREENWOOD:  Yes, your Honor.
6               THE COURT:  Mr. Ackerman, are you still on?
7               THE DEFENDANT:  Yes, your Honor.
8               THE COURT:  And, Ms. Ng, are you still on?
9               THE DEPUTY CLERK:  Yes, Judge.  I'm here.
10              THE COURT:  Thank you.
11              All right.  Please continue, Mr. Marvinny.
12              MR. MARVINNY:  Yes, your Honor.  Jonathan Marvinny
13  again.  I was just saying that the timeline proposed by
14  Ms. Greenwood does make sense to us.  We expect that that
15  there's a good likelihood that we'll have a disposition
16  somewhere around the 30-day mark identified by the government.
17              So we would consent to setting this down for that
18  purpose, and we would also consent to an exclusion of time
19  under the Speedy Trial Act.
20              THE COURT:  Thank you.
21              Ms. Ng, could we have a date in the 30-day time frame
22  that we could set down for a potential change of plea hearing?
23              THE DEPUTY CLERK:  Yes.  You have Wednesday, July 7th,
24  2021, at 2:00 p.m.
25              THE COURT:  Mr. Marvinny, are you available on

1    Wednesday, July 7th at 2:00?
2            MR. MARVINNY:  I am, your Honor.  May I just confirm?
3    We are asking that this proceeding occur remotely both because
4    of the Covid pandemic and concerns related to that, but also
5    because Mr. Ackerman has very, very serious health issues that
6    make travel close to impossible.  So I hope we're setting a
7    time for a remote court appearance, but yes, July 7th at 2:00
8    p.m. works for me.  Thank you.
9            THE DEPUTY CLERK:  Judge?
10           THE COURT:  Thank you for -- yes, Ms. Ng?
11           THE DEPUTY CLERK:  Yes.  We are setting it for a -- it
12   can be set for a remote on July 7th at 2:00.
13           THE COURT:  All right.  Does Mr. Ackerman have the
14   capability to do it with video by Microsoft Teams?
15           MR. MARVINNY:  Jonathan Marvinny here.  Go ahead,
16   Mr. Ackerman.
17           THE DEFENDANT:  Mr. Ackerman here.  I don't have that
18   application on my phone, but I'm sure I could put it on.
19           THE COURT:  I think it's available as a download in
20   the Apple and Google stores, and we can just provide a link
21   that either directly to you or that Mr. Marvinny can send to
22   you.  Since it is a plea, my preference would be to do it by
23   video.
24           THE DEFENDANT:  I understand.
25           THE COURT:  Thank you.

1      And, Ms. Greenwood, does the government have any
2 objection to proceeding remotely by video?
3      MS. GREENWOOD:  No, your Honor.
4      THE COURT:  Very well, then.  We will put this down as
5 a remote video proceeding.
6      Ms. Greenwood, is there a request for -- and,
7 Ms. Greenwood, does the date and time, Wednesday, the 7th of
8 July at 2:00 work for you?
9      MS. GREENWOOD:  Yes, your Honor, that works for the
10 government, and we would seek exclusion of time in the interest
11 of justice through July 7th in order to facilitate the ongoing
12 plea discussions.
13      THE COURT:  And you said you have no objection,
14 Mr. Marvinny?
15      MR. MARVINNY:  That's correct, your Honor.
16      THE COURT:  The request is granted.  I find that the
17 ends of justice served by the granting of an exclusion from
18 speedy trial computations for the period from today's date
19 through July 7th, 2021, outweigh the best interests of the
20 public and the defendant in a speedy trial because of the need
21 for time for further discussions and advice in connection with
22 those discussions.  Accordingly, the time period is excluded
23 prospectively.
24      If we are going to address a plea, I will need a copy
25 of the plea agreement or Pimentel letter at least three

L68PACKC

1  business days in advance.  I think that the 7th is coming off a
2  long weekend; so having it the end of the week before would be
3  my preference and would be very helpful, sometime during the
4  day on the Friday before.
5           And, Mr. Marvinny, you'll need to have reviewed the
6  plea agreement and have had it fully executed, as well as a
7  consent to remote proceeding form, and my advice of rights form
8  completed and discussed with Mr. Ackerman prior to the time set
9  for the remote conference.  All right?
10          MR. MARVINNY:  Yes, your Honor.
11          THE COURT:  Thank you very much.
12          Is there anything further that we should take up
13 together this afternoon?
14          MS. GREENWOOD:  This is AUSA Greenwood.  Nothing from
15 the government.
16          MR. MARVINNY:  Jonathan Marvinny here.  Nothing from
17 the defense.  Thank you, your Honor.
18          THE COURT: Okay.  Thank you.  Keep well, all, and
19 stay safe.  We are adjourned.
20          MS. GREENWOOD:  Thank you.
21          (Adjourned)