UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | : **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS** |
| MICHAEL ACKERMAN, | : |
| | : |
| Defendant. | 20 Cr. 93 (LTS) |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of MICHAEL ACKERMAN (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about September 8, 2021.

## Background

1. On or about February 3, 2020, the Defendant was charged in a two-count Indictment, 20 Cr. 93 (LTS) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One), and money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Count Two).

2. On or about July 29, 2021, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $36,268,515 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count

One of the Indictment, and all of his right, title and interest in various specific property (the "Specific Property").

### The Order of Forfeiture

3. On or about September 8, 2020, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment[1], imposing a money judgment against the Defendant in the amount of $36,268,515 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and forfeiting to the United States all of the Defendant's right, title and interest in the Specific Property (D.E. 57).

4. To date, the Money Judgment against the Defendant remains unpaid.[2]

### The Location of Additional Assets

5. As set forth in the accompanying Declaration of John J. Rodriguez (the "Rodriguez Declaration"), the United States has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offenses to satisfy the outstanding Money Judgment entered on September 8, 2021, other than the Specific Property.

6. However, the United States has located the following assets in which the Defendant has an ownership interest:

   a. $217,926.18 in United States currency, formerly on deposit in Chase Bank Account 000000520600617 in the name of Michael Ackerman, which was seized by the Government on or about January 28, 2020; and

---

[1] A Corrected Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment was subsequently entered on March 8, 2022 solely to correct the agency to accept payments towards the Money Judgment as the United States Customs and Border Protection (D.E. 76).

[2] Although the Defendant's interest in the Specific Property has been ordered forfeited, as of this date no Final Order of Forfeiture has been entered, but even if it had, the anticipated value of the Specific Property will be far less than the total amount of the Money Judgment.

2

    b. any and all funds currently on deposit in Chase Bank Account 000000520600617 in the name of Michael Ackerman;

(the "Substitute Assets").

  7. As a result of acts and/or omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the remaining proceeds of the offense charged in Count One of the Information, other than the Specific Property.

  8. The United States is now seeking to forfeit all of the Defendant's right, title, and interest in the Substitute Assets and to have them, once forfeited, applied as a payment towards the satisfaction of the Defendant's outstanding Money Judgment.

  9. For the following reasons, the Government respectfully requests that all of the Defendant's right, title and interest in the Substitute Assets be forfeited to the United States and applied as a payment towards the Money Judgment.

## Discussion

  10. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the Defendant" any property

  (A) cannot be located upon the exercise of due diligence;
  (B) has been transferred or sold to, or deposited with, a third party;
  (C) has been placed beyond the jurisdiction of the court;
  (D) has been substantially diminished in value; or
  (E) has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the Defendant, up to the value of any property" so transferred or moved by the defendant.

11. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

12. Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the Defendant's offenses. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary . . . . When the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property."). If there are persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the Government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third party claims are resolved by the Court.


**Conclusion**

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
July 21, 2022

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
SHEB SWETT
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-6522