

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2023

**VIA ECF**

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**   *United States v. Michael Ackerman*, 20 Cr. 93 (LTS)

Dear Judge Swain,

The Government respectfully submits this reply to the March 13, 2023 letter submitted by Petitioner Alison Douglas regarding 2281 Marks Rd., Brunswick, Ohio (the "Property"). As indicated previously, the Property was purchased in 2019 by the defendant with the proceeds of his fraudulent cryptocurrency investment scheme, and the Petitioner did not personally provide any funds towards the purchase of the Property. Her nominal ownership of the Property does not negate the fact that the Property was derived from proceeds the defendant obtained as a result of his fraud scheme, and is therefore, subject to forfeiture.

The Petitioner's interest in the Property did not vest prior to the acts which gave rise to the forfeiture, and she is not a 'bona fide purchaser for value.' *See* 21 U.S.C. § 853(n)(6). Since these are the only two ways that a third-party petitioner can demonstrate a valid interest in property subject to forfeiture, Petitioner has failed to state a plausible claim for relief. *Id.*

Rather than allege new facts to address the deficiencies in her original petition, the Petitioner's March 13 letter just lists a series of housing expenses made by Petitioner "during her ownership of the [Property]" (*i.e.*, after the defendant had purchased the Property) for the regular upkeep of the Property. The Petitioner paid water, electricity, garbage and pool costs while she lived at the Property, which enabled her the enjoyment and use of the Property. She is not entitled to further compensation from the Government for such expenses. Likewise, she is not entitled to any compensation for "food and clothing" expenses. Such things are expenses of daily living. Nothing at law or equity entitles the Petitioner to the relief she seeks.

Though the Petitioner may feel she is also a victim of the defendant, fortunately for her the defendant did not deceive her into serious financial losses, as he did with so many others.

Page 2

Accordingly, the Government respectfully requests that the Court dismiss the Petition so that the Government can proceed with a motion for a Final Order of Forfeiture, forfeiting the Property to the United States.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: /s/
Sheb Swett
Assistant United States Attorney
(212) 637-6522