UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                      No. 20-CR-93-LTS

MICHAEL ACKERMAN,

    Defendant.

-----------------------------------------------------------x

## Memorandum Order

Defendant Michael Ackerman pleaded guilty to one count of wire fraud, stemming from a fraudulent cryptocurrency investment scheme, on July 29, 2021, and was sentenced on February 15, 2022.  The Indictment charging Mr. Ackerman contained forfeiture counts alleging that, <u>inter alia</u>, several properties were subject to forfeiture as a result of his committing the wire fraud offense.  (<u>See</u> docket entry no. 4.)  In connection with Mr. Ackerman's case, the Court entered three forfeiture orders: (1) a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, on September 8, 2021 ("Consent POF"); (2) a Preliminary Order of Forfeiture as to Substitute Assets, on July 22, 2022; and (3) a Final Order of Forfeiture, on January 25, 2023 ("FOF").  (<u>See</u> docket entry nos. 57, 91, and 106.)

        Approximately one week after entry of the FOF, Alison Douglas filed a third-party petition claiming an interest in a particular property—a residence—that had been ordered forfeited by the Court.  (<u>See</u> docket entry no. 107 (the "Petition").)  Although she references no statutory provision in the Petition, the Court understands the filing to be made pursuant to 21 U.S.C. § 853(n), which permits persons other than the defendant to assert a legal interest in property that has been ordered forfeited.  The Government moves to dismiss the Petition for failure to state a plausible claim for relief.  (<u>See</u> docket entry no. 109 (the "Motion").)  The Court

has reviewed carefully the parties' submissions in connection with Ms. Douglas's petition and, for the following reasons, grants the Government's motion to dismiss.

BACKGROUND[1]

On September 8, 2021, the Court entered a Consent POF that imposed a forfeiture money judgment against Mr. Ackerman in the amount of $36,268,515, and forfeited all of his right, title, and interest in various specific property, which constituted proceeds traceable to the wire fraud offense that he personally had obtained. (See docket entry. 57.) The specific property included, inter alia, a residence located at 2281 Marks Road, Valley City, Ohio, 44280 (the "Property").[2] (See id. at 2.) In accordance with the terms of the Consent POF, the Government served notice of the Consent POF on Alison Douglas via certified mail in July 2022, because she is currently the titled owner of the Property. (See Motion at 2.) The Government represents that it received the Petition from Ms. Douglas in or about August 2022, with a cover letter from her counsel, although Ms. Douglas did not file the Petition with the Court until February 2, 2023. (Id.; see also id., Ex. A.)

The Property is comprised of 9.5 acres, with a 4,500 square foot home, a pond, an in-ground pool, a three-car garage, and a detached barn. (Id.) During its investigation, the Government learned that had Mr. Ackerman purchased the Property on or about June 27, 2019,

---

[1] As explained in more detail below, criminal forfeiture proceedings are civil in nature, and any motion to dismiss a third-party petition is treated like a motion to dismiss a civil complaint under the Federal Rules of Civil Procedure. See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004). Thus, while the Court supplements its factual summary with information from the Government's motion, the operative facts are only those set forth in the Petition and they are taken as true for the purposes of the motion. See Fed. R. Crim. P. 32.2(c)(1)(A).

[2] The Property was also among the few specific properties listed in the Indictment itself, as part of its forfeiture allegations. (See docket entry no. 4.) The Indictment was unsealed on February 11, 2020.

for $600,000, and that bank records show that he did so using the proceeds from the fraudulent cryptocurrency scheme.  (Id.)  The Property was titled in both Mr. Ackerman's and Ms. Douglas's names, as joint tenants with rights of survivorship, but Ms. Douglas did not contribute to the purchase price.  (Id.)  On or about December 10, 2019, Mr. Ackerman executed a quitclaim deed and conveyed his interest in the Property solely to Ms. Douglas for no consideration.  (Id.)

In her Petition, Ms. Douglas asserts that she is the sole owner of the Property, that she purchased the home with Mr. Ackerman on or about June 28, 2019 (although she offers no evidence to show that she paid any funds towards the purchase), and that, on or about December 10, 2019, Mr. Ackerman told her that he had filed a quitclaim deed conveying the property to her. (Petition at 1.)  Ms. Douglas proffers that she was "hysterical" when she learned that Mr. Ackerman was indicted on February 13, 2020, that she had no interest in his "illegal dealings," and that she believed he had earned his money legitimately.  (Id. at 2.)  She further avers that there is no mortgage on the Property and that she has "faithfully made all of the payments since [she] acquired the property on June 28, 2019."  (Id. at 2.)  In a supplemental submission to the Petition, Ms. Douglas's counsel listed various upkeep and living expenses that Ms. Douglas has incurred and continues to pay, such as maintenance costs, utility bills, food and clothing, and counsel asserted, without any legal citations or argument, that Ms. Douglas is entitled to $40,000.00 from the proceeds of any sale of the house.  (See docket entry no. 110.)

## DISCUSSION

The only mechanism by which a third party may claim an interest in property that is ordered forfeited in a criminal case is the procedure set forth in 21 U.S.C. section 853(n).  See

21 U.S.C. § 853(n)(1)-(7); see also DSI Assocs. v. United States, 496 F.3d 175, 183 (2d Cir. 2007).  Under that criminal forfeiture statute, a third party may petition for a hearing, as Ms. Douglas does here, to adjudicate its alleged interest in the property to be forfeited.  21 U.S.C. § 853(n)(2).  In 2000, Congress adopted Federal Rule of Criminal Procedure 32.2, which, for the first time, explicitly referenced third-party proceedings, called "ancillary proceedings," in the criminal forfeiture context.  See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004).  This ancillary proceeding closely resembles a civil action, and Rule 32.2 provides that a "court may, on motion, dismiss the [third-party] petition for lack of standing, for failure to state a claim, or for any other lawful reason."  Fed. R. Crim. P. 32.2(c)(1)(A).  Thus, the Second Circuit has held that "a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."  Pacheco, 393 F.3d at 352.  A motion to dismiss such a petition, then, should be granted if the petition does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under section 853(n), a petitioner is entitled to relief only when one of two conditions are met: the petitioner must either (1) possess "an interest in the property that is superior to the criminal defendant's because it arose prior to the time of the commission of the acts [that] gave rise to the forfeiture," or (2) be a "bona fide purchaser for value" of the property who was "reasonably without cause to believe that the property was subject to forfeiture" at the time of purchase.  Pacheco, 393 F.3d at 353.

Before the Court evaluates Ms. Douglas's Petition with respect to these two conditions, however, it must address the threshold issue of timeliness.  Section 853(n)

specifically provides that any third-party petition is to be filed <u>directly</u> with the court within a 30-day statutory period following notice of a forfeiture order. 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or his receipt of notice . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."). As explained above, the Court entered the Consent POF that explicitly covered the Property on September 8, 2021, and the Government provided its notice of forfeiture, as required by statute, to Ms. Douglas, who is currently the titled owner of the Property, via certified mail in July 2022. <u>See</u> 21 U.S.C. § 853(n)(1). The Government received the Petition from Ms. Douglas, along with a cover letter from her counsel, in or about August 2022. Because the Petition here was shared, albeit with the Government, and not the Court, within the statutory period, the Government has elected not to contest the timeliness of the filing. (<u>See</u> Motion at 2 n.2).

        The petition is nonetheless untimely. It was not filed with the Court until February 2, 2023—after entry of the final order of forfeiture on January 25, 2023, and months after the 30-day statutory notice period set forth in section 853(n)(2) expired in or about August 2022. Pursuant to section 853(n)(7), because no petition was filed by the time for filing third-party claims had expired, the Government has clear title to the property forfeited. 21 U.S.C. 853(n)(7); <u>see also</u> <u>United States v. Swartz Fam. Tr.</u>, No. 19-2822, 2023 WL 3262429, at *5-6 (2d Cir. May 5, 2023) (dismissing a third-party petition as untimely because it was filed after expiration of the 30-day notice period); <u>United States v. Messino</u>, 122 F.3d 427, 428 (7th Cir. 1997) ("Once the third-party hearings have been held, or the time for filing third-party claims has passed, the government has clear title to the property forfeited."); Fed. R. Crim. P. 32.2 advisory committee's note to 2000 adoption ("The other tenet of current law is that if a third party has

notice of the forfeiture but fails to file a timely claim, his or her interests are extinguished, and may not be recognized when the court enters the final order of forfeiture."). Ms. Douglas has not requested that the Court treat her Petition as equitably tolled for any reason, nor has she even acknowledged or otherwise addressed the untimeliness of her Petition. Thus, the Petition is untimely and must be dismissed for that reason.

Nor has Ms. Douglas shown that she has any interest in the Property that should be recognized under 21 U.S.C. section 853. She has provided no facts to suggest that her interest in the Property "arose prior to the time of the commission of the acts [that] gave rise to the forfeiture." Pacheco, 393 F.3d at 353. Ms. Douglas alleges that she and Mr. Ackerman purchased the home together in June 2019 but does not allege that she contributed any funds toward the purchase of the home. To the contrary, she alleges that she obtained sole title through Mr. Ackerman's executing of a quitclaim deed in her favor, and her attorney's proffer concerning monies she has expended in connection with the house relate solely to utility and personal care expenses. She has not attempted to controvert the Government's allegation that Mr. Ackerman used proceeds of his illegal fraud scheme to purchase the property in 2019. It is thus undisputed that Mr. Ackerman paid the purchase price, and that he did so using proceeds of his fraudulent activity. The Government's interest in fraud proceeds vests at the time of the commission of the fraudulent acts giving rise to the forfeiture of those proceeds. See, e.g., 21 U.S.C. § 853(c); see also United States v. King, No. 10-CR-122-JGK, 2012 WL 2261117, at *6 (S.D.N.Y. June 18, 2012) (citing United States v. Madoff, No. 09-CR-213-DC, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012) ("The relation back doctrine serves the important purpose of preventing defendants from circumventing forfeiture by transferring property prior to their convictions.")). The Indictment alleges that the fraudulent scheme began in 2017, and Mr.

Ackerman admitted in his plea allocution that he was involved in the scheme from 2017-2019. Therefore, the Government's interest in the residence—entirely purchased using Mr. Ackerman's fraud proceeds—is superior to any possible interest Ms. Douglas could claim in the property.

Nor is Ms. Douglas a "bona fide purchaser for value," for the simple reason that she has not alleged that she paid <u>anything</u> to purchase the Property.  <u>See, e.g.</u>, <u>United States v. Harewood</u>, No. 01-CR-6025, 2005 WL 2076543, at *2 (W.D.N.Y. Aug. 26, 2005) (defendant's sister, to whom he quitclaimed his real property for zero dollars, was not a bona fide purchaser for value); <u>see</u> <u>also</u> <u>United States v. Kennedy</u>, 201 F.3d 1324, 1335 (11th Cir. 2000) ("The criminal forfeiture provisions provide only two ways for third parties to establish their interest in forfeited property; and one of them is emphatically *not* that the criminal defendant gave the third party a gift.").  Therefore, Ms. Douglas has failed to state a claim upon which relief can be granted.  Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), her Petition must be dismissed, and the Final Order of Forfeiture stands.

## <u>Conclusion</u>

For the foregoing reasons, the Government's motion to dismiss Ms. Douglas's third-party Petition is granted.  The Memorandum Order resolves docket entry nos. 109 and 110.

SO ORDERED.

Dated: New York, New York
May 18, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge