UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

                                     :

UNITED STATES OF AMERICA             :

                                     :      DECLARATION IN SUPPORT
           -v.-                         :      OF SECOND AMENDED
                                     :      FIRST FINAL ORDER
MICHAEL ACKERMAN,             :      <u>OF FORFEITURE</u>
                                     :
          Defendant.                :      20 Cr. 93 (LTS)
                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

          Sheb Swett, pursuant to Title 28, United States Code, Section 1746, declares under penalty of perjury as follows:

          1.       I am an Assistant United States Attorney in the Office of Damian Williams, United States Attorney for the Southern District of New York, and attorney for the Government herein. I am responsible for the above-captioned matter, and as such, I am familiar with the facts and circumstances of this proceeding. This declaration is submitted in support of the Government's submission for the entry of a Second Amended First Final Order of Forfeiture in the above-captioned case.

          2.       On or about February 3, 2020, MICHAEL ACKERMAN (the "Defendant"), was charged in a two-count Indictment, 20 Cr. 93 (LTS) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); and money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Count Two);

          3.       The Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the

offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment, and various specific property.

        4.      On or about July 29, 2001, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $36,268.515 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all right, title and interest of the Defendant in, *inter alia*, the following specific property:

      i.   29 Kimrey Ln, Highway 12 East, Harlowton, Montana, 59085, Legal Description S24, T08 N, R13 E, Tract 3 of COS #104358 containing 154.91 acres (the "Montana Property");

      ii.  3875 E Lake Road, Sheffield, Ohio, 44054, Parcel Number 0300043101009 (the "Sheffield Property");

(i and ii, together, the "Real Properties").

        5.      On or about September 8, 2021, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 57)[1] forfeiting to the United States all of the Defendant's right, title, and interest in, *inter alia*, the Real Properties.

_____

[1] On or about March 7, 2022, the Court entered a Corrected Preliminary Order of Forfeiture (D.E. 77) which corrected the agency designation from United States Marshals Service to the United States Customs and Border Protection and directed that money judgment payments be deposited into the Treasury Assets Forfeiture Fund. The Preliminary Order of Forfeiture was in all other respects unchanged.

5.      Both the Montana Property and the Sheffield Property constituted or were derived from the proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained, but the Defendant titled both the Montana Property and the Sheffield Property in the name of his wife Stacey Ackerman.

6.      Accordingly, the notice of the Preliminary Order of Forfeiture was sent via certififed mail to various individuals, including but not limited to the Defendant's wife, Stacey Ackerman, by service on her at 3875 E. Lake Road, Sheffield, Ohio, 44054, and on her attorneys Paul Flannery, Esq. and Robery Porter, Esq., at 1375 East 9th Street, 30th Floor, Cleveland, OH 444114 (the "Noticed Parties").

7.      Additionally, the Notice of Forfeiture and the intent of the Government to dispose of the Real Properties was posted on an official government internet site (www.forfeiture.gov) beginning on October 7, 2022 for thirty (30) consecutive days, through November 5, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on January 24, 2023  (D.E. 102).

8.      After final publication of the Notice of Forfeiture, thirty (30) days expired and no petitions or claims were filed by Stacey Ackerman or by any other third party, to contest the forfeiture of the Real Properties.

9.      The Defendant and the Noticed Parties were the only people and/or entities known by the Government who had a potential interest in the Real Properties.

10.     On or about January 25, 2023, the Court entered a First Final Order of Forfeiture (D.E. 106) (the "First Final Order of Forfeiture"), forfeiting all right, title and interest in, *inter alia*, the Montana Property and the Sheffield Property to the United States.

11.     Based upon information obtained from the United States Customs and Border Protection ("CBP"), I understand that title insurance is required for CBP to market and sell the property.

12.     The title insurance company that contracts with CBP requires that the final order of forfeiture explicitly extinguish the title holder's interest in forfeited property.

13.     The First Final Order of Forfeiture ordered that all right, title and interest in the Real Properties (among other things) were forfeited and vested in the United States, and that, pursuant to Title 21, United States Code, Section 853(n)(7), the United States "shall and hereby is deemed to have clear title to the [Real Properties]."

14.     The forfeiture to the United States of "all right, title and interest" in the Real Properties includes, but is not limited to, all right, title and interest of Stacey Ackerman in the Real Properties.

15.     Accordingly, the Government respectfully requests the Court enter the proposed Second Amended First Final Order of Forfeiture specifically forfeiting all interest in the Real Properties, including but not limited to the interests of the Stacey Ackerman or any other potential third-party, to the Government.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4

16.     No previous application for the relief requested herein has been sought.

Dated: New York, New York
       October 12, 2023

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     _____
        SHEB SWETT
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, New York 10007
        (212) 637-6522

5